U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAR 0 5 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREA HALL<br>    La. DOC #110954 | CIVIL ACTION NO. 1:08-CV-0228<br>SECTION P |
| VS. | |
| WARDEN BURL CAIN | JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is petitioner Andrea Hall's *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed *in forma pauperis* on February 13, 2008. Hall is a prisoner in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a 200 year sentence imposed following his 1991 conviction for attempted second degree murder (La. R.S.14:30.1) and his subsequent adjudication as an habitual offender (La. R.S.15:529.1) in the Seventh Judicial District Court, Concordia Parish, in proceedings docketed under Docket Numbers 90-1096 and 91-1518. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals in accordance with the provisions of 28 U.S.C. §2244(b)(3)(a).

### Statement of the Case

Petitioner admits that he has previously filed petitions

seeking relief pursuant to 28 U.S.C. §2254 with respect to the 1991 conviction and adjudication, and thus he acknowledges that the instant petition is a "second or successive petition for writ of *habeas corpus* under 28 U.S.C. §2254..." [rec. doc. 1-3, p. 8] Further, the court records confirm that petitioner has previously attempted to collaterally attack the 1991 judgments of conviction, adjudication, and sentence. See 1:01-cv-0800; 1:02-cv-0839; 1:03-cv-0395; 1:94-cv-2298; and, 1:99-cv-1902. One of petitioner's previous *habeas corpus* petitions was decided on the merits [see 1:94-cv-2298]; one of his previous *habeas* petitions [see 1:99-cv-1902] was denied as "second or successive" according to Rule 9(b) of the Rules Governing Section 2254 Cases in the District Court; one of his petitions was dismissed on the merits as procedurally defaulted [1:02-cv-0839]. With regard to that case, the United States Fifth Circuit Court of Appeals denied petitioner's subsequent request for a Certificate of Appealability from that judgment [See <u>Hall v. Cain</u>, No. 04-30144].

## Law and Analysis

The petition currently before the court is petitioner's sixth attempt to collaterally attack his 1991 Louisiana conviction in the United States Court. It is, of course, a successive petition as defined by 28 U.S.C. § 2244 and the jurisprudence. "It is clear that an application filed after a

previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

As petitioner must now be aware, before this or any successive *habeas corpus* petition may be considered by this court, petitioner is required to obtain authorization from the United States Fifth Circuit Court of Appeals. This procedure is mandated by 28 U.S.C. § 2244(b)(3) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not received such authorization. Until such time as petitioner obtains authorization, the district court is without jurisdiction to proceed.

When a petitioner fails to first seek the permission of the appeals court, the district court may transfer the cause to the appropriate court of appeals for a determination of whether the successive or second petition should be allowed. See 28 U.S.C. § 1631 see also Abdur'rahman v. Bell, 537 U.S. 88, 92 n. 7 (2003); see also In Re Epps, 127 F.3d 364 (5th Cir.1997)

Therefore,

**IT IS RECOMMENDED** that the instant petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _March_, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE